SULLIVAN, Judge
(concurring):
I agree with the outcome of the majority opinion and write separately to highlight the actions of the trial counsel (a member of the Bar) and the court reporter (a senior non-commissioned officer, E-7, with 11 years of active service). The trial counsel and the court reporter, discovering that the judge forgot to announce the “findings” during the trial, inserted the missing actions and words of the judge into the record of trial. They corrected the record to reflect that a critical portion of the trial (“announcement of the findings”) happened when it did not.
At the conclusion of the providence inquiry, including a discussion of the pretrial agreement, the record of trial as originally authenticated states the following:
MJ: Thank you. Specialist Murali Kulathungam, I find that your plea of guilty is made voluntarily and with full knowledge of its meaning and effect. I further find that you have knowingly, intelligently, and consciously waived your rights against self-incrimination; to a trial of the facts by a court-martial; and to be confronted by the witnesses against you. Accordingly, your plea of guilty is provident and is accepted. However, I advise you that you may request to withdraw your guilty plea at any time before the sentence is announced, and if you have a good reason for your request, I will grant it.
Accused and counsel please rise.
[ACC and counsel did as directed.] Specialist Murali Kulathungam, in accordance with your plea of guilty, this court finds you:
FINDINGS
Of Charge I and its Specifications: Guilty;
Of the Specification of Charge II and Charge II: Guilty; and
*389 Of the Additional Charge and its Specification: Guilty.
Please be seated.
[ACC and counsel resumed their seats]
(Emphasis added) (R. 57-58). Trial counsel approved the court reporter’s suggestion that the matters in bold be added to the record. Trial counsel also failed to notify the military judge or defense counsel about these additions, and the military judge authenticated this record without being informed of them. See RCM 1103(i) Manual for Courts-Martial, United States (1995 ed.) (duty of trial counsel to ensure an accurate record).
This was not a “train wreck” (which implies an accident), but an intentional false alteration of an official document (the record of trial). I think most judges and attorneys would condemn such conduct. Our justice system must function on the basis of law and facts, not expediency and deception. Although there was an error here, the error did not materially prejudice the substantial rights of the accused. Article 59(a), UCMJ, 10 USC § 859(a). Accordingly, I would affirm.